## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD TAYLOR,** | ) | **CASE NO. 4:09CV2892** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **KEITH SMITH, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Donald Taylor's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. Petitioner was indicted by the Mahoning County, Ohio Grand Jury with one count of Rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b)(B), one count of Kidnapping in violation of O.R.C. § 2905.01(A)(4)(C), and

1

one count of Gross Sexual Imposition in violation of O.R.C. § 2907.05(A)(4)(B), together with a Sexually Violent Predator Specification pursuant to O.R.C. § 2941.14.8. On June 11, 2007, after a bench trial, Petitioner was found guilty of Rape and Kidnapping. The court dismissed the charge of Gross Sexual Imposition, finding it constituted a Lesser Included Offense to the Rape charge. On August 13, 2007, Petitioner was sentenced to consecutive prison terms of life without parole for Rape and ten years for Kidnapping. Petitioner was also designated a Sexual Predator.

On July 11, 2007, Petitioner filed a Notice of Appeal with the Court of Appeals for the Seventh Appellate District. On June 26, 2009, the Court of Appeals affirmed the conviction. On August 3, 2009, Taylor filed a Notice of Appeal with the Supreme Court of Ohio and on November 4, 2009, the appeal was dismissed as not involving any substantial constitutional question. On December 14, 2009, Petitioner filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> **GROUND ONE**: Petitioner was denied the right to Effective Assistance of Counsel when counsel failed to raise at trial Petitioner's rightful entitlement for a voir dire hearing prior to sentencing on rape and kidnapping when he received consecutive sentences and R.C. 2941.25 requires such voir dire be conducted to determine similar or dissimilar imports.
>
> **GROUND TWO**: Petitioner was denied his Right to Due Process when the facts surrounding his conviction were clearly against the Manifest Weight of the Evidence.

On January 21, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on June 21, 2010. Petitioner filed his Objections to the Report and Recommendation on July 19, 2010 after a Motion to Extend Deadlines was granted.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground One, Petitioner contends that he was denied his right to effective assistance of counsel because counsel failed to seek a voir dire hearing required by O.R.C. § 2941.25 prior to sentencing. Respondent asserts that neither O.R.C. § 2941.25 nor any other provision of Ohio law requires a voir dire hearing prior to

3

sentencing for multiple convictions. Petitioners are entitled to have their pleadings liberally construed and Petitioner's argument appears to be very similar to one raised by his appellate counsel before the state courts. In the Court of Appeals and the Supreme Court of Ohio, Petitioner argued that his trial counsel was ineffective for failing to argue that his convictions for Rape and Kidnapping were allied offenses of similar import and should have been merged.

      To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

      The Court of Appeals concluded that the Rape and Kidnapping convictions each had a separate animus and merger was not required, and that trial counsel's failure to raise the merger issue at sentencing did not constitute ineffective assistance, as there was no reasonable probability that counsel's alleged errors would have changed the

4

outcome.  In Petitioner's Objections to Magistrate's Report and Recommendation, he asserts that a merger analysis was never conducted, and that the Court of Appeals simply discarded his assignment of error.

This Court agrees with the Magistrate Judge's determination that the Court of Appeals conducted a lengthy analysis of state law concerning the circumstances under which merger of offenses for sentencing is required.   Furthermore, the Court agrees with the Magistrate Judge that this Court cannot challenge a state court's interpretation of state law and the appellate court reasonably applied clearly established federal law. Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner.  Therefore, Petitioner's  first Ground for relief is without merit.

In Ground Two, Petitioner contends that his conviction was against the manifest weight of the evidence.  The Magistrate Judge points out that manifest weight claims are not cognizable on federal habeas review. *See, e.g., Nash v. Eberlin*, 437 F.3d 519, 524 (6th Cir. 2006); *accord Hess v. Eberlin*, 2006 WL 2090093 at *6 (S.D. Ohio 2006). In Petitioner's Objections he asserts that he has not presented his claim in the context of manifest weight of evidence but rather, insufficient evidence to convict.

The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *Id.; see*

5

*also Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).

The Court agrees with the Magistrate Judge that the Court of Appeals accurately summarized the evidence of record and correctly identified the applicable law. Clearly, when viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found Petitioner guilty of both Rape and Kidnapping. Therefore, this Court finds that the Court of Appeals decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner's second Ground for relief is without merit.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:7/22/2010      s/Christopher A. Boyko
                                 CHRISTOPHER A. BOYKO
                                 United States District Judge